[No. 33337-2-I.    Division One.    August 8, 1994.]

ALLSTATE INSURANCE COMPANY, *Respondent*, v.
MOHAMAD AMAR KHANI, ET AL, *Appellants*.

318

*Jeri-Beth Bowman* and *Bowman Law Office,* for appellants.

*William P. Harris,* for respondent.

SCHOLFIELD, J. — Allstate Insurance Company obtained a default judgment against Mohamad Amar Khani and his wife (collectively, Khani) in 1988. In 1993, the trial court denied Khani's motion to vacate the judgment, quash service of process, and quash a writ of garnishment. Khani appeals the trial court's order, arguing that the default judgment was void for lack of jurisdiction. Khani also contends the trial court erred by finding that he was required to bring the CR 60(b)(5) motion within a reasonable time and that he failed to do so despite having actual notice of the default judgment. Alternatively, Khani argues that under CR 60(b)(11) he did bring the motion within a reasonable time given the peculiarities of this case. Finally, Khani seeks

attorney fees and costs for the proceedings before the trial court and on appeal. We reverse.

On February 21, 1987, Mohamad Amar Khani was involved in a car accident with Deborah Head, who° was insured by Allstate Insurance Company. According to a police officer's report of the incident, the brakes on Khani's car "did not work per Khani". The report also gave Khani's phone number and listed his address as 30602 Pacific Highway South, E-105, in Federal Way, Washington. He lived there at that time with his brother, who was supporting him.

According to Khani's affidavit, he received a letter from Allstate on March 11, 1987, indicating that the insurance company had determined the accident was his fault. Khani, a native of Syria who arrived in the United States in 1985 pursuant to a student visa, did not know he could contest Allstate's conclusion. Allstate asked him to verify his insurance coverage or make payment arrangements. He wrote to Allstate offering to pay $10 per month, as that was all he could afford given the work restrictions of his visa.[1]

On April 1, 1987, Khani received correspondence through his post office box from an Allstate agent in Anchorage, Alaska. The agent asked him to sign a "Confession of Judgment Without Action" form, indicating it would be filed in an Alaska state court, and a form stating he agreed to pay Allstate $100 each month until the sum of $2,495.55 was paid. The agent wrote that if he did not receive the signed documents within 10 days, he would file a lawsuit and "[t]hat way will cost you much, much more money". Khani wrote to Allstate and again explained he could pay only $10 each month but he would willingly renegotiate payments if his employment status changed. Allstate mailed its written rejection of that offer to Khani's post office box on April 9, 1987.

---

[1]Khani had previously applied to the Immigration and Naturalization Service of the United States Department of Justice for permission to engage in employment, but that application was denied in 1986. It was not until July 12, 1988, that Khani received authorization to work in the United States.

320

Khani subsequently married and moved from his brother's apartment in Federal Way to his mother-in-law's home in Seattle on September 10, 1987. Khani notified the Washington Department of Licensing (DOL) of his address change within 10 days of moving, and the Khanis lived at that Seattle address until December 1988. Khani kept his original post office box for his mail. In October 1987, Khani's brother also moved out of the Federal Way apartment.

On January 12, 1988, Allstate attempted to serve a summons and complaint on Khani in an effort to recover the amount it had paid its insured. Allstate hired a professional process server to accomplish service. An affidavit of service signed by R. Davis states that he served the documents on January 12, 1988, at 30602 Pacific Highway South, E-105, in Federal Way, by giving them to a man named Matthew Welton. Davis also stated the following in another affidavit:

> At 6:20 am, I went to 30602 Pacific Highway South #E-105, Federal Way. A man answered the door. I asked for Mohamad Khani, he told me that he was sleeping. I asked him if he was a resident and what his name was. He told me that his name is Ma[t]thew Welton and that he was a resident. I served Mat-[t]hew Welton the documents and he signed for them. He is: Caucasian male, 6-foot-1; 170lbs, with Brown hair.

According to an affidavit of the apartment manager, the business records of the complex show that no one named Matthew Welton or Mohamad Amar Khani was ever named as a tenant. However, the records show that on November 30, 1987, Don McDonough moved into apartment E-105. McDonough's affidavit states that Matthew Welton was living with him on the date service of process on Khani was attempted, and Welton's affidavit confirms that fact. Welton's affidavit also states he has never known or lived with anyone named Mohamad Khani.

Without Khani's knowledge, a default judgment was entered against him in favor of Allstate on October 28, 1988, for $2,853.55 plus attorney fees and costs. On December 9, 1988, Khani received a notice from DOL stating that his driving privilege would be suspended because the October 1988 default judgment against him had not been satisfied.

Khani "was shocked and completely unaware of any such judgment". The notice advised Khani he could request a hearing on the matter because the record of judgment did not indicate he had been personally served with process before the judgment was entered.

Khani requested a hearing, and the DOL hearing officer found that Khani had not received actual and timely notice of Allstate's suit against him when process was served on Matthew Welton. The hearing officer also found that Khani had notified DOL of his address change on September 23, 1987. Thus, on May 24, 1989, the hearing officer reversed the notice of suspension. According to Khani's affidavit, he believed the hearing officer's decision disposed of the matter completely.

In June 1990, Khani received a copy of his credit report and saw that it included the 1988 judgment. After sending a copy of the hearing officer's decision to the company that prepared the report, the company deleted the judgment. In October 1990, DOL sent Khani a second notice of suspension based on the October 1988 default judgment. However, when Khani referred a DOL employee to the hearing officer's 1989 decision, the employee told Khani to disregard the second notice because the decision resolved the matter. Khani again believed that the matter was finally resolved, and the default judgment never reappeared on his subsequent credit reports.

In December 1992, Khani and his wife attempted to obtain financing to purchase a home and were informed by a real estate agent that the title insurance report listed the unsatisfied 1988 default judgment. That report also identified Allstate's attorney as William P. Harris. The real estate agent contacted Harris and attempted to reach an agreement where the Khanis would pay $75 each month until the judgment was paid in full. Allstate, through Harris, rejected that offer on January 15, 1993, and responded that it would only agree to a $300 deposit and monthly payments of $100 thereafter. The Khanis felt that arrangement was unacceptable in light of the DOL hearing officer's decision and their

belief that the matter had been resolved years earlier. Allstate subsequently sent a copy of the default judgment to DOL. In February 1993, DOL wrote to Allstate's counsel, explaining that the hearing officer had reversed the previous suspension order and DOL was "unable to initiate suspension action against Mr. Khani".

On April 5, 1993, Khani received notice that a writ of garnishment had been served on his employer, Alaska Airlines.[2] On that same day, Khani obtained counsel. He thereafter moved to vacate the default judgment and quash the service of process and the writ of garnishment. The trial court entered the following findings with regard to that motion:

> (1) The Defendant has provided convincing evidence that Defendant did not reside at the location the documents were served (#E-105) and that said substituted service is thus defective;
>
> (2) The Defendant did not bring this motion within a reasonable time; and Plaintiff would be prejudiced if the motion is granted; and
>
> (3) Attorney fees and costs were denied to both parties.

The court also made the additional finding that

> prior to the running of the statute of limitations the defendant had actual notice that a lawsuit had been started against him and a judgment had been entered. Non[e]theless he waited for over four years before doing anything about it or taking any action to have it set aside. That the plaintiff was prejudiced by this unreasonable delay.

The court consequently denied Khani's motion and the parties' respective requests for attorney fees and costs. Khani appeals.

## I

We first decide whether the trial court erred by denying Khani's motion to vacate the default judgment and quash

---

[2]Khani also learned that Allstate had begun garnishment proceedings in November 1990 against his earnings from his prior employer, the Red Lion Hotel, but had never served the hotel with the garnishment papers. According to the affidavit of Allstate's counsel, Allstate halted those earlier proceedings because it believed Khani no longer worked for the hotel. However, a letter from the director of human resources at the Red Lion indicates Khani worked for the hotel from May 7, 1990, to March 16, 1992.

service of process and the writ of garnishment, given the court's finding that service of process was defective.[3] Khani argues that because service of process was defective, the default judgment is void for lack of personal jurisdiction, and thus, the trial court erred by denying his motion. Allstate contends that the trial court did not abuse its discretion by denying the motion or by finding Khani failed to bring the motion within a reasonable time and Allstate would be prejudiced if the motion were granted.

■ A trial court's decision to grant or deny a motion to vacate a default judgment is generally reviewed for an abuse of discretion. *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992). However, a court has a nondiscretionary duty to vacate a void judgment. *Leen*, 62 Wn. App. at 478; *In re Marriage of Markowski*, 50 Wn. App. 633, 635, 749 P.2d 754 (1988); *Brickum Inv. Co. v. Vernham Corp.*, 46 Wn. App. 517, 520, 731 P.2d 533 (1987).

■ A motion to vacate under CR 60(b)(5)[4] "may be brought at any time" after entry of judgment. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990), *review denied*, 116 Wn.2d 1009 (1991); *see also Brenner v. Port of Bellingham*, 53 Wn. App. 182, 188, 765 P.2d 1333 (1989) ("motions to vacate under CR 60(b)(5) are not barred by the 'reasonable time' or the 1-year requirement of CR 60(b)" (footnote omitted)). Void judgments may be vacated regard-

---

[3] Because Allstate has not assigned error to the trial court's finding that service was defective, we must treat that finding as a verity on appeal. *See Hayes v. Truock*, 51 Wn. App. 795, 800, 755 P.2d 830, *review denied*, 111 Wn.2d 1015 (1988).

[4] CR 60(b) states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

". . . .

"(5) The judgment is void[.]

". . . .

"The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken."

less of the lapse of time. *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989). Consequently, not even the doctrine of laches bars a party from attacking a void judgment. *Leslie*, 112 Wn.2d at 619-20.

Brenner provides a striking example of how meaningless the passage of time is in the context of a void judgment. There, a default judgment was entered in 1969 condemning all interests in certain real property and vesting title in the Port of Bellingham. In 1985, Brenner sued the Port for damages resulting from the condemnation action and alleged in part that the Port had failed to satisfy the statutory requirements of service by publication. The trial court denied Brenner's motion for summary judgment, ruling that the Port's error was merely an irregularity and, thus, voidable under CR 60(b)(1) rather than void under CR 60(b)(5). The trial court also found that Brenner had failed to move to vacate the judgment within a reasonable time as required by CR 60(b)(1). 53 Wn. App. at 185. The Court of Appeals reversed, holding that the Port's failure to strictly comply with the requirements of service by publication meant the court had no jurisdiction over Brenner when it entered the 1969 judgment condemning her interest in the property. Recognizing that a default judgment entered without valid service is void and may be vacated at any time, the court remanded the case to the trial court with instructions to vacate the 16-year-old judgment. 53 Wn. App. at 188.

■ In the present case, the trial court expressly found Allstate's service of process was defective. "Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void." *Markowski*, 50 Wn. App. at 635-36; *see also Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces*, 36 Wn. App. 480, 486, 674 P.2d 1271 (1984). Because a party may move to vacate a void judgment at any time, *Leslie*, 112 Wn.2d at 618-19, the trial court erred by finding that Khani failed to bring his motion within a reasonable time. Further, as discussed in detail below, the trial court's finding that Khani had actual notice of the

default judgment through the DOL notice is irrelevant on these facts. More significantly, the trial court erred by denying Khani's motion because it failed to fulfill its non-discretionary duty to vacate a void judgment. *See Leen*, 62 Wn. App. at 478; *Markowski*, 50 Wn. App. at 635. Thus, the trial court's order must be reversed and the case remanded with instructions to vacate the default judgment and quash the writ of garnishment. *See Leslie*, 112 Wn.2d at 618 (a vacated judgment has no effect, and the parties' rights are left as though the judgment had never been entered).[5]

## II

As discussed above, a void judgment may be vacated at any time. Nonetheless, Allstate argues that under *Romjue v. Fairchild*, 60 Wn. App. 278, 803 P.2d 57, *review denied*, 116 Wn.2d 1026 (1991), Khani waived the defense of insufficient service of process.

In *Romjue*, a Division Three opinion, Romjue filed suit against Fairchild for damages resulting from a car accident. Romjue served process on "Mrs. Fairchild" at a Kennewick address and believed that service was effective. That address, however, was not where Fairchild lived. He resided in Ellensburg. Defense counsel nevertheless filed a notice of appearance, and Romjue's counsel sent him a copy of an affidavit of service stating that service had been made at the Kennewick address. In addition, before the statute of limitation had run, defense counsel was aware from the parties' correspondence that Romjue's counsel believed service on Mrs. Fairchild was effective and was relying on that belief. Defense counsel subsequently engaged in discovery. After

---

[5]Khani also makes the alternative argument that he brought his motion to vacate within a reasonable time under CR 60(b)(11), which allows a trial court to relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." Khani, however, has made no showing of a meritorious defense which is a critical prerequisite to vacating a judgment under CR 60(b)(11). *See Calhoun v. Merritt*, 46 Wn. App. 616, 619, 731 P.2d 1094 (1986). Regardless, "[t]he customary CR 60 meritorious defense requirement is immaterial where the court entering an in personam judgment had no jurisdiction of the defendants in the first instance." *Mid-City Materials*, 36 Wn. App. at 486.

the statute of limitation for Romjue's cause of action had run, defense counsel moved to dismiss on the ground that service was insufficient. The trial court granted that motion. 60 Wn. App. at 279.

On appeal, the court framed the issue as whether Fairchild waived the defense of insufficient service because he engaged in discovery before he moved to dismiss. The court concluded he had waived that defense because the type of discovery he conducted was inconsistent with the defense of insufficient service. 60 Wn. App. at 281. The court also reached its conclusion because defense counsel knew before the statute of limitation ran that Romjue's counsel was unwittingly relying on the ineffective service, yet defense counsel chose not to correct that misapprehension until after the statute of limitation had expired. 60 Wn. App. at 281-82.

A critical distinction between *Romjue* and the present case is that the defendant in *Romjue* brought a pretrial motion to dismiss, not a motion to vacate a void default judgment. Under CR 12, a party must comply with specific requirements to move for dismissal based on the defense of lack of personal jurisdiction. CR 12(b). If a party fails to properly raise that defense under CR 12 when he has an opportunity to do so, the party may be deemed to have waived it. CR 12(h)(1); *see also French v. Gabriel*, 116 Wn.2d 584, 588-89, 806 P.2d 1234 (1991).

Where a defendant appears in a case and files responsive pleadings or engages in discovery prior to the entry of a final judgment, that defendant is subject to the requirements of CR 12(b) and (h)(1).

In contrast, when a default judgment is entered against a defendant and is void for lack of personal jurisdiction over him, he may challenge the void default judgment at any time. A party will not be deemed to have waived the right to challenge a default judgment void for lack of personal jurisdiction merely because time has passed since the judgment was entered. *See Leslie*, 112 Wn.2d at 619. Under such circumstances, the trial court *must* vacate that judg-

ment and has no discretion to do otherwise. *See, e.g., Leen,* 62 Wn. App. at 478.

The facts of *Romjue* are entirely different from the facts here. Khani never received service of process and had no knowledge of Allstate's proceedings against him until after the default judgment was entered. Romjue's active participation in the case prior to judgment made him subject to the requirements of CR 12. There is no evidence that Khani knew about the statute of limitation for Allstate's claim or that he strategically waited to vacate the judgment until after the limitation expired. Even if Khani had known about the limitation period, Allstate offers no authority to support its contention that when a defendant learns about a void default judgment against him and knows the statute of limitation for the plaintiff's claim has not expired, he must try to vacate that judgment before the limitation does expire. Thus, in this context, the trial court's finding that Khani had actual notice of the judgment before the statute of limitation expired is irrelevant.

## III

■ Finally, we must decide whether Khani is entitled to attorney fees and costs under RCW 6.27.230 for the proceedings before the trial court and those on appeal. The statute provides in part that when a garnishee's answer to a writ of garnishment is controverted, "the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party". Further, when a party must vacate a default judgment before successfully challenging a writ of garnishment, RCW 6.27.230 allows that party to recover attorney fees and costs for both proceedings. *Lindgren v. Lindgren,* 58 Wn. App. 588, 598, 794 P.2d 526 (1990), *review denied,* 116 Wn.2d 1009 (1991). Because Khani had to vacate the default judgment before he could oppose the writ of garnishment, he is entitled under RCW 6.27.230 to his attorney fees and costs both in the trial court and on appeal. Allstate's request for fees under RAP 14.2 is denied.

328

We reverse the trial court's order denying Khani's motion to vacate the default judgment and remand the case with instructions to vacate the default judgment, quash the service of process and the writ of garnishment, and award reasonable attorney fees for services rendered in the trial court.

WEBSTER, C.J., and BAKER, J., concur.