# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ASSET ACCEPTANCE LLC, | ) | No. 75107-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| VIET TUAN NGUYEN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 27, 2017 |
| | ) | |

LEACH, J. — Kevin Nguyen appeals the trial court's denial of his motion to vacate a default judgment. He asserts that Asset Acceptance LLC never served him with the summons and complaint. Asset Acceptance responds that because Nguyen filed two previous motions to vacate, collateral estoppel bars his third motion. It also claims that it accomplished substitute service on Nguyen. Because Asset Acceptance has not shown that the trial court decided the merits of Nguyen's service claim on the first two motions to vacate, we reject its estoppel argument. And because Nguyen presented clear and convincing evidence that he did not live at the address where Asset Acceptance contends it served him, Nguyen was not served and the trial court lacked personal jurisdiction over him. Thus, we reverse the trial court and remand for vacation of the default judgment.

FACTS

In April 2009, Asset Acceptance sued Viet Tuan Nguyen over an unpaid Citibank credit card balance and received a default judgment. The defendant in this case was formerly named Viet Tuan Nguyen but changed his legal name to Kevin Nguyen in 2000. He asserts that he never had a Citibank card under the name Viet Tuan and is not the debtor on the account. To collect the default judgment, Asset Acceptance has garnished $9,563.33 of Nguyen's wages and $1,501.67 from his Boeing Employees Credit Union account. As of December 2015, Asset Acceptance alleged that Nguyen still owed $11,226.37.

Asset Acceptance hired ABC Legal Services to serve its summons and complaint on Nguyen. ABC knew of at least three possible addresses for Nguyen. On March 12, 2009, an ABC process server went to one of those addresses, 3802 South Benefit Street, Seattle, and left the complaint and summons with Bach Yen Thi Huynh (Yen).[1] According to both Yen and Nguyen, Nguyen had lived at that address for only a few months in 2008. Yen had been his landlord; the two share no other relationship and had no contact between 2008 and 2016, when Nguyen contacted Yen for her declaration.

Nguyen submitted evidence that he did not live at the Benefit Street address on March 12, 2009, but instead lived at 255 Powell Avenue Southwest,

---

[1] Consistent with the appellant's brief, service documents, and trial court record, Bach Yen Thi Huynh is called "Yen" here.

Renton.[2] He states that he never received the summons and complaint and did not become aware of Asset Acceptance's lawsuit until 2012.

Asset Acceptance filed its summons and complaint on April 15, 2009. The trial court granted Asset Acceptance a default judgment the next day.

Asset Acceptance started garnishment proceedings three years later, on April 16, 2012. It placed a continuing lien on Nguyen's earnings from his employer, The Boeing Company. Nguyen states that this was when he first heard about the alleged debt, Asset Acceptance's action, and the judgment against him.

On an acquaintance's recommendation, Nguyen hired a "credit repair agency," uGotFICO Inc., which assured him it would resolve his debt problems.[3] The company sent him a form motion to set aside and vacate the default judgment and told him to file it with the court. Acting pro se, Nguyen filed that form as a motion in August 2012. Nguyen did not appear for a hearing scheduled for his motion.[4] The trial court denied the motion. Nguyen states that he did not understand that his motion had been denied and believed that

---

[2] Nguyen states that he moved to 6518 33rd Avenue South, Seattle, in late 2008. He then moved to 255 Powell Avenue Southwest, Renton, where he lived until mid-2009.

[3] Nguyen states that he did not read, write, or speak English well or understand why his wages were being garnished. His acquaintance recommended uGotFICO in part because its employees spoke Vietnamese.

[4] Nguyen states that he did not know he was required to attend and believed uGotFICO was his legal representative.

uGotFICO was handling his case. Meanwhile, Asset Acceptance continued to garnish his wages.

Nguyen filed another pro se motion to vacate the default judgment in July 2013. He again submitted a uGotFICO form motion. The court denied Nguyen's motion without prejudice, telling Nguyen he needed to note it before the judge the case was assigned to.

Nguyen filed a third motion to vacate the default judgment in March 2016, this time represented by counsel. He asked the court to vacate the judgment under CR 60(b)(5) and (11). Nguyen and Asset Acceptance both presented documentary evidence about Nguyen's address at the time of service. At a hearing, the trial court found that Nguyen failed to present clear and convincing evidence that he had not been properly served. It also noted "that this identical motion has been raised in 2012 and in 2013 . . . raising the same issue. Both times the motion was denied." It added, "The fact that Mr. Nguyen chose to represent himself does not give rise to a lower standard of proof." The trial court denied Nguyen's motion. He appeals.

## STANDARD OF REVIEW

This court generally reviews a trial court's decision to grant or deny a motion to vacate a default judgment for abuse of discretion.[5] However, a court

---

[5] Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991).

has a nondiscretionary duty to vacate a void judgment.[6] This court reviews this issue de novo.[7] This court also reviews de novo whether collateral estoppel bars a party from raising an issue.[8] And this court reviews de novo whether service of process was sufficient.[9]

ANALYSIS

Collateral Estoppel

Asset Acceptance contends that because Nguyen has filed two previous motions to vacate, collateral estoppel now bars this service of process challenge.[10] We disagree.

Collateral estoppel precludes only issues that the parties actually litigated and the trial court necessarily determined in an earlier proceeding.[11] The party against whom collateral estoppel is asserted must have had a "full and fair

---

[6] Leen, 62 Wn. App. at 478.

[7] ShareBuilder Sec. Corp. v. Hoang, 137 Wn. App. 330, 334, 153 P.3d 222 (2007).

[8] Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004). Asset Acceptance cites only an unpublished Division Three case for the proposition that we review the estoppel issue for abuse of discretion. This citation violates GR 14.1(a). Moreover, the cited case does not apply that standard of review. See M&M Harrison Elec. Co. v. Ins. Co. of the State of Pa., noted at 117 Wn. App. 1049 (2003).

[9] Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

[10] The trial court wrote in denying Nguyen's motion that Nguyen had raised "this identical motion" twice before. But the trial court appeared to base its decision instead on its conclusion that Nguyen failed to meet the clear and convincing evidence standard.

[11] Christensen, 152 Wn.2d at 307.

opportunity to litigate the issue in the earlier proceeding."[12] The party asserting collateral estoppel must show that the issues in both actions are identical, the earlier proceeding ended in a judgment on the merits, the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and applying collateral estoppel does not work an injustice on the party precluded from bringing an action.[13]

Asset Acceptance fails to satisfy these elements. It has not shown that the trial court decided Nguyen's first two motions on the merits.

Asset Acceptance's estoppel argument must rely on the trial court's dismissal of Nguyen's first motion to vacate. Nguyen's second motion to vacate has no preclusive effect because it did not result in a judgment of any kind: the trial court made no ruling, simply observing that Nguyen had brought the motion before the wrong judge.[14]

For Nguyen's first motion, the record contains no indication the trial court considered the issue, let alone entered a final judgment on the merits. Nguyen did not appear at the hearing on that motion. The forms he submitted were

---

[12] Christensen, 152 Wn.2d at 307.

[13] World Wide Video of Wash., Inc. v. City of Spokane, 125 Wn. App. 289, 305, 103 P.3d 1265 (2005).

[14] The trial court's later observation that "two other courts have already found that the judgment was not void" was thus inaccurate.

largely incoherent.[15]   In denying the motion, the trial court explained only that Nguyen "failed to appear or respond." It made no mention of service.  Because Asset Acceptance fails to satisfy the second collateral estoppel element, collateral estoppel does not bar Nguyen's current challenge.[16]

<u>Service of Process</u>

Nguyen contends that the default judgment is void because Asset Acceptance failed to serve him.  We agree.

Proper service of the summons and complaint is necessary for the court to have personal jurisdiction over a party.[17]   A judgment the court enters without jurisdiction is void.[18]  A court must vacate a void judgment regardless of the lapse of time.[19]

---

[15] The uGotFICO forms made the conclusory assertion that Nguyen "does not owe any money to Asset Acceptance LLC." They included an "Affidavit of Defendant" that amounts to a digressive manifesto on the law and a "Memorandum of Points and Authorities" that is simply a verbatim copy of CR 60.

[16] Even if Asset Acceptance satisfied the first three estoppel elements, their argument would fail because preclusion would "work an injustice on" Nguyen.  As noted above, Nguyen's motions were forms he obtained from uGotFICO Inc. Beyond stating Nguyen "was never served with this lawsuit," they make no legal argument that service was improper, nor did Nguyen submit evidence. Nguyen's difficulty understanding the proceedings is obvious from the transcript of the hearing on his second motion.  And, as discussed below, Nguyen's improper service claim has merit.

[17] <u>Woodruff v. Spence</u>, 76 Wn. App. 207, 209-10, 883 P.2d 936 (1994).

[18] <u>Woodruff</u>, 76 Wn. App. at 209-10.

[19] <u>Allstate Ins. Co. v. Khani</u>, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994).

"When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service."[20] The plaintiff can do so by providing the declaration of a process server, "regular in form and substance."[21] The defendant must then show with clear and convincing evidence that service was improper.[22]

Under former RCW 4.28.080(15) (1997), a plaintiff may serve a defendant (1) personally or (2) by leaving a copy of the summons at the defendant's usual abode with a "person of suitable age and discretion" who resides there.[23] The statute thus has three requirements for substitute service: "(1) the summons must be left at the defendant's 'house of his or her usual abode'; (2) the summons must be left with a 'person of suitable age and discretion'; and, (3) the person with whom the summons is left must be 'then resident therein.'"[24] A "house of usual abode" is "'such [a] center of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for [the] defendant to appear.'"[25]

---

[20] Northwick v. Long, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015).

[21] Northwick, 192 Wn. App. at 261.

[22] Northwick, 192 Wn. App. at 261.

[23] Former RCW 4.28.080(15) (1997), recodified as RCW 4.28.080(16).

[24] Salts v. Estes, 133 Wn.2d 160, 164, 943 P.2d 275 (1997) (quoting former RCW 4.28.080(15)).

[25] Streeter-Dybdahl v. Nguyet Huynh, 157 Wn. App. 408, 413, 236 P.3d 986 (2010) (second alteration in original) (internal quotation marks omitted) (quoting Sheldon v. Fettig, 129 Wn.2d 601, 610, 919 P.2d 1209 (1996)).

Here, Asset Acceptance contends only that it accomplished substitute service by leaving the summons and complaint with Yen at the Benefit Street house.

Nguyen does not contest that Yen was a "person of suitable age and discretion" or that she lived at the Benefit Street house. Whether Asset Acceptance accomplished substitute service thus depends on whether the Benefit Street house was Nguyen's "house of usual abode" on March 12, 2009.

We review the record de novo and weigh the evidence each party presented.[26] As prima facie proof that Nguyen lived at the address, Asset Acceptance relied on the process server's declaration that it left the documents "at the defendant's/respondent's usual place of abode listed above," 3802 South Benefit Street. "An affidavit of service, regular in form and substance, is presumptively correct. The return, however, is subject to attack and may be discredited by competent evidence."[27]

Nguyen discredited the proof of service with clear and convincing evidence that he did not live at the Benefit Street address in March 2009. He stated in a declaration that he lived at that address "for a few months in 2008" but moved, first to an address on 33rd Avenue South and then to 255 Powell Avenue Southwest, Renton. He stated that he lived at the Renton address on March 12,

---

[26] See Scanlan, 181 Wn.2d at 847, 856.
[27] Lee v. W. Processing Co., 35 Wn. App. 466, 469, 667 P.2d 638 (1983).

2009. Yen, Nguyen's former landlord, also stated in a declaration that Nguyen did not reside at the Benefit Street house in March 2009. She said that Nguyen lived there for only a few months in 2008.[28]

Nguyen submitted documents corroborating these declarations. His 2008 tax return, filed March 8, 2009, listed 255 Powell Avenue Southwest as his address.[29] His tax preparer mailed the return to that address on the same date.

Nguyen's evidence is particularly strong in light of Asset Acceptance's complete lack of evidence showing Nguyen lived at the Benefit Street house in March 2009. Documents from ABC Legal Services show that the company received information identifying Benefit Street as one of three possible addresses for Nguyen. Those documents show that Asset Acceptance nonetheless instructed ABC to "sub-serve regardless" and "on any resident who is 14 years or older on the 1st attempt." Asset Acceptance's only other evidence supporting the process server's statement consists of unauthenticated results from an online skip trace database. These show at least seven potential addresses, six possible names, and two possible birth dates for Viet Tuan Nguyen. Asset Acceptance also cites "numerous communications Nguyen had with Asset," but those communications are from 2012 or later. They do not show where Nguyen

---

[28] Yen added that she did not know Nguyen by the name Viet Tuan Nguyen, spoke little English at the time, and would not have been able to communicate effectively with a process server who spoke only English.

[29] Nguyen signed his tax returns under penalty of perjury.

lived in March 2009. And the communications do not show the Benefit Street house as Nguyen's address, further underscoring Asset Acceptance's lack of evidence.

Asset Acceptance analogizes to Northwick v. Long,[30] where this court found that the defendant failed to show improper service. We distinguish that case. There, the plaintiff served defendant's father at the father's home. The defendant asserted he no longer lived there and submitted a declaration from his father but none from himself.[31] Countering this evidence, the plaintiff introduced deposition testimony from the process server that contradicted the father's account of the conversation between them about the son's residence.[32] The plaintiff also submitted records showing the father's address as the address on file for the defendant with the post office and the Department of Licensing. This court noted the defendant "produced no similar evidence for a different address," such as "documentation relating to housing, banking, and other activities highly probative of domestic activity."[33]

In contrast, Nguyen did produce such documentation, his sworn tax return and letter from his tax preparer, each dated three days before the service attempt. And unlike the defendant in Northwick, Nguyen submitted a declaration

---

[30] 192 Wn. App. 256, 264, 364 P.3d 1067 (2015).
[31] Northwick, 192 Wn. App. at 259.
[32] Northwick, 192 Wn. App. at 259-60.
[33] Northwick, 192 Wn. App. at 264.

from a disinterested person, Yen.[34] A declaration from a landlord is an example of the "documentation relating to housing" that was lacking in Northwick.[35] Further, Asset Acceptance presented no evidence, akin to the plaintiff's in Northwick, that government entities listed the Benefit Street house as Nguyen's address.

Asset Acceptance's reliance on State ex rel. Coughlin v. Jenkins[36] is also misplaced. The plaintiff in that case presented evidence that after service was delivered at the address, handwritten correspondence from the defendant continued to come from the address, mail sent there was never returned, and, when the plaintiff sent the defendant a blood-sample notice at that address, the defendant took the requested test on the date set.[37] In contrast, Asset Acceptance submitted no evidence to show that Nguyen continued to correspond from the Benefit Street house.

Evidence is clear and convincing when its shows "'the ultimate fact in issue . . . to be highly probable.'"[38] Nguyen's declaration and the documents he submitted show it to be "highly probable" that he did not live at the Benefit Street

---

[34] As noted above, Yen and Nguyen are not related, despite Asset Acceptance's baseless assertions to the trial court and that court's apparent acceptance of them.

[35] See Northwick, 192 Wn. App. at 264.

[36] 102 Wn. App. 60, 7 P.3d 818 (2000).

[37] Coughlin, 102 Wn. App. at 65-66.

[38] In re Dependency of S.M.H., 128 Wn. App. 45, 53, 115 P.3d 990 (2005) (quoting In re Dependency of K.R., 128 Wn.2d 129, 141, 904 P.2d 1132 (1995)).

address. Nguyen thus met his burden of showing that he was not properly served.

Asset Acceptance also asks this court to apply the factors identified in White v. Holm.[39] Relying on White, it claims that this court should not vacate the default judgment because Nguyen "fail[ed] to timely appear" and has not shown that he did so because of "mistake, inadvertence, surprise or excusable neglect." It points out that Nguyen first learned about the judgment against him no later than 2012 but did not obtain counsel until 2016, despite exchanging letters with Asset Acceptance and filing two motions to vacate and a separate fraud lawsuit.

Asset Acceptance is wrong. As noted above, courts have a nondiscretionary duty to set aside void default judgments, and "[v]oid judgments may be vacated regardless of the lapse of time."[40]

Because Nguyen was never served, the default judgment is void for lack of personal jurisdiction. Because a trial court's duty to vacate the void judgment is nondiscretionary, we need not consider the discretionary White factors, including whether Nguyen's defense that he is not the obligor on the credit card account has merit or whether vacation will prejudice Asset Acceptance.

---

[39] 73 Wn.2d 348, 352, 438 P.2d 581 (1968).
[40] Leen, 62 Wn. App. at 478; Khani, 75 Wn. App. at 323-24; see CR 55(c)(1); CR 60(b)(5).

Moreover, as Asset Acceptance conceded at oral argument, if the judgment was void, any orders the trial court based on that judgment are also void.[41]

## CONCLUSION

Because Asset Acceptance has not shown that the trial court decided the merits of Nguyen's service of process claim on his prior motions, collateral estoppel does not apply here. And because Nguyen has shown with clear and convincing evidence that he did not live at the address where Asset Acceptance claims it served him, the default judgment against him was void. We reverse and

---

[41] We note that when a court vacates a judgment, "[t]he rights of the parties are left as though the judgment had never been entered." In re Marriage of Leslie, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989); see Khani, 75 Wn. App. at 325 (quashing writ of garnishment where underlying judgment was void). Washington courts interpret the rules of appellate procedure liberally "to promote justice." RAP 1.2(a); In re Estate of Langeland, 195 Wn. App. 74, 89, 380 P.3d 573 (2016) (ordering restitution), review denied, 187 Wn.2d 1010 (2017). Where a party has made payments under a trial court order that an appellate court later modifies, RAP 12.8 requires the trial court to order restitution "in appropriate circumstances." See In re Marriage of Hardt, 39 Wn. App. 493, 499, 693 P.2d 1386 (1985). And "when a party must vacate a default judgment before successfully challenging a writ of garnishment, RCW 6.27.230 allows that party to recover attorney fees and costs for both proceedings." Khani, 75 Wn. App. at 327.

remand for vacation of the default judgment and other proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_            _Appelwick, J_