IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

IRINA RUTHERFORD,                    )      No. 77139-6-I
                                      )
                Respondent,           )
                                      )
        v.                            )
                                      )      UNPUBLISHED OPINION
JAMES MICHAEL RUTHERFORD,             )
                                      )      FILED: November 13, 2018
                Appellant.            )
_____)

VERELLEN, J. — In 2010, Irina Rutherford obtained a default judgment

granting dissolution of her marriage to James Rutherford.[1]  Five years later,

James brought a motion to vacate and claimed he did not learn of the dissolution

until mid-2015 because he was never served with the lawsuit.  He also claimed to

have just learned of Irina's conversion of his property.  James abandoned that

motion for reasons he has not explained.  In 2017, James brought another motion

to vacate and argued the dissolution decree was void due to lack of service of

process and that the conversion of his property constituted fraud.

The court denied James's motion because "it was not brought within a

reasonable time as required under CR 60."[2]  CR 60 does not require that a

_____

[1] For purposes of clarity, we refer to the Rutherfords by their first names.

[2] Clerk's Papers (CP) at 123.

CR 60(b)(5) challenge based on lack of personal jurisdiction be filed within a reasonable time. If the trial court contemplated an alternative theory such as waiver, additional findings are required.

We reverse and remand for further proceedings consistent with this opinion.

## FACTS

James and Irina separated on June 4, 2009. On April 22, 2010, Irina petitioned to dissolve their marriage. The following day, William Sheehan filed an affidavit declaring that he personally served a dissolution petition and a summons on James. James never responded to the petition, and a King County Superior Court commissioner granted Irina's motion for default on August 5, 2010. The commissioner granted Irina's dissolution petition the same day. The decree of dissolution ordered that James pay $4,000 per month in maintenance to Irina.

On July 28, 2015, James filed a motion to set aside the default judgment pursuant to CR 60(b)(1), vacating judgments for mistakes, surprise, excusable neglect or irregularity in obtaining judgment, and CR 60(b)(3), vacating judgments due to newly discovered evidence. He contended that he was not properly served and, as a result, "did not know of the divorce . . . until the first half of 2015."[3] James also asserted that Irina converted checks payable to him from the Department of Labor and Industries. Irina responded by obtaining a show cause order compelling James to explain why he never paid any maintenance as

---

[3] CP at 163.

2

required by the dissolution decree. Subsequently, James "did not follow through with [the] motion."[4]

On April 21, 2017, James filed a new motion to set aside the default judgment as void for lack of personal jurisdiction pursuant to CR 60(b)(5) and for fraud under CR 60(b)(4).[5] In support, James submitted a new declaration from Sheehan stating that Irina tricked him into serving the wrong man in 2010, and that he met James for the first time in 2015. The trial court denied the motion because it "was not brought within a reasonable time as required under CR 60."[6] The court also denied James's motion for reconsideration.

James appeals.

## ANALYSIS

CR 60(b)(5) allows relief from a final judgment if that judgment is void. Our review of a CR 60(b) decision is limited to the trial court's decision and generally does not consider the underlying order the party seeks to vacate.[7] But a court has a nondiscretionary duty to vacate a void judgment.[8] A CR 60(b) motion must be made "within a reasonable time" of the judgment, order, or proceeding that the

---

[4] CP at 173.

[5] James's motion actually cites to CR 60(b)(5) and CR 60(b)(6), not CR 60(b)(4), but he clarified in his motion for reconsideration that he had advised the trial court at oral argument he was relying on CR 60(b)(4). Regardless, we do not address the fraud claim because James did not include any argument in his brief regarding fraud.

[6] CP at 123.

[7] Persinger v. Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015).

[8] Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994).

movant seeks to vacate. However, this restriction does not apply to CR 60(b)(5) motions to vacate a void judgment.[9] "A motion to vacate a void judgment may be brought at any time."[10] Not even laches prevents an attack on a void judgment.[11]

Irina acknowledges that James's 2015 motion to vacate based on lack of personal jurisdiction may not have been barred by the reasonable time requirement in CR 60(b). But she argues "[James's] intentional abandonment of that motion and subsequent decision to wait two years to file a nearly identical motion demonstrates his 2017 motion failed to meet the 'reasonable time' requirement under CR 60."[12] She provides no compelling authority or argument, however, that the reasonable time requirement of CR 60(b) applies to a renewed CR 60(b)(5) motion to vacate a void judgment.

We can affirm a trial court decision on an alternative theory if the record has been sufficiently developed to fairly consider the theory.[13]

An improperly served party can waive the affirmative defense of lack of personal jurisdiction by rule or as a matter of common law.[14] Common law waiver

---

[9] Chai v. Kong, 122 Wn. App. 247, 254, 93 P.3d 936 (2004).

[10] Id.

[11] Khani, 75 Wn. App. at 323-24.

[12] Resp't's Br. at 9.

[13] RAP 2.5(a); Matter of Marriage of Foran, 67 Wn. App. 242, 248, 834 P.2d 1081 (1992) ("A trial court's decision may be sustained on any theory within the pleadings and the evidence, even if the trial court did not consider it.").

[14] Castellon v. Rodriguez, 4 Wn. App. 2d 8, 15, 418 P.3d 804 (2018); French v. Gabriel, 116 Wn.2d 584, 588-95, 806 P.2d 1234 (1991). Irina does not suggest any form of waiver by rule.

exists "to prevent a defendant from ambushing a plaintiff during litigation either through a delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage."[15] "The existence of waiver has both factual and legal components, as the Tenth Circuit Court of Appeals explained: 'Whether facts on which a claim of waiver is based have been proved, is a question for the trier of the facts, but whether those facts, if proved, amount to a waiver is a question of law.'"[16] The record before us is not sufficiently developed to establish that an ambush occurred, as required for common law waiver.[17]

Irina suggests we affirm the trial court because James "failed to show by clear and convincing evidence" that service was insufficient or that Irina converted his property.[18] But the court made no factual findings or legal conclusions on either issue. And the merits of those claims depend largely on credibility determinations that must be made by the trial court.[19] Sheehan's credibility is particularly relevant here because no other independent evidence from 2010 establishes that Irina served James.

---

[15] King v. Snohomish County, 146 Wn.2d 420, 424, 47 P.3d 563 (2002).

[16] Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 440-41, 191 P.3d 879 (2008) (internal quotation marks omitted) (quoting Advantor Capital Corp. v. Yeary, 136 F.3d 1259, 1267 (10th Cir. 1998)).

[17] King, 146 Wn.2d at 424. Irina cites no case law where abandonment of a motion automatically constitutes waiver and precludes a renewed CR 60(b)(5) motion.

[18] Resp't's Br. at 11.

[19] Dalton v. State, 130 Wn. App. 653, 656, 124 P.3d 305 (2005); see Resp't's Br. at 12 (arguing service of process was proper because "Mr. Sheehan's 2017 declaration recanting his 2010 sworn affidavit of service lacked credibility.").

The reasonable time requirement of CR 60 does not apply to a CR 60(b)(5) motion to vacate a void judgment. To the extent Irina contends an alternative theory such as waiver applies, we are presented with a mixed question of law and fact with a contested and underdeveloped factual record. Because the existing findings do not address a waiver, we decline to affirm on this alternative theory.

Therefore, we reverse and remand for further proceedings consistent with this opinion.[20]

WE CONCUR:

_____
Mann, ACJ

_____
Becker, J.

_____

[20] Irina claims James's appeal is frivolous and requests attorney fees pursuant to RAP 18.9. Because James's appeal was not frivolous, we deny her request.