IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 85259-1-I |
| JACLYN MARIE CHICATELLI,† | DIVISION ONE |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| CHRISTOPHER ROBERT CHICATELLI, | |
| Appellant. | |

SMITH, C.J. — Christopher Chicatelli appeals the superior court's order denying his CR 60(b) motion to vacate a final child support order entered in 2009 and awarding attorney fees to his former spouse Jaclyn Larson. We conclude that the superior court properly denied the motion to vacate. But we remand for entry of findings of fact and conclusions of law supporting the award of attorney fees.

FACTS

Chicatelli and Larson married in 2001. The couple had two children, born in 2002 and 2004. Chicatelli was employed as a welder. Chicatelli's ongoing struggle with drug and alcohol addiction strained the marriage. In December

---

† At the time of the dissolution of marriage, respondent's name was Jaclyn Marie Chicatelli. Respondent is now known as Jaclyn Marie Larson. Since recent court documents refer to her by that name, we will do so in this opinion.

2007, Larson asked him to move out of the house and get help. In June 2008, Chicatelli began a nine-month residential treatment program.

Larson petitioned for dissolution in September 2008. In October 2008, Larson met Chicatelli at the recovery center and presented him with a joinder petition, which he signed. In February 2009, Chicatelli signed the parenting plan, findings of fact and conclusions of law, and order of child support (final divorce documents). Following a hearing on March 23, 2009, the court entered a final decree of dissolution, findings of fact and conclusions of law, parenting plan, and order of child support. Chicatelli did not appear at the hearing. The final child support order, via checked boxes, indicated that "[i]ncome of the obligor is imputed at $4,000 because" (1) "the obligor's income is unknown," (2) "the obligor is voluntarily underemployed" and (3) "other."

Two months after the divorce was final, Larson informed Chicatelli that she was moving the children to Alabama. Chicatelli relapsed, and his alcohol and drug addiction persisted on and off until he managed to achieve consistent sobriety in 2015.

In 2015, while living in Texas, Chicatelli petitioned an Alabama court for a modification of child support based on a substantial change in income. In the petition, Chicatelli indicated that the total amount of child support arrears was $69,879.11. Larson opposed the petition and entered a counterclaim. In March 2016, an order was entered denying the petition for lack of jurisdiction.

On February 21, 2023, in King County Superior Court, Chicatelli moved pro se to vacate the order of child support under CR 60(b)(4), (5), and (11).

Chicatelli alleged that the child support order was obtained through deception, misinformation, duress, threat, coercion, and fraud. For example, Chicatelli asserted that Larson "intentionally misled" the court by representing that he "knowingly and willingly" signed the agreed final divorce documents when in fact he was "mentally disabled" by "uncontrolled drug and alcohol addiction." He argued that Larson "thrust herself into the role as the couple's de facto attorney" and failed to disclose that she was a paralegal working for an attorney, thereby denying his due process right to counsel of choice. He claimed that Larson threatened to cut him off from his children if he didn't sign the joinder petition. And he argued that the order was void because his monthly child support obligation exceeds what is permitted by law. In response, Larson denied Chicatelli's factual assertions and argued that his motion was untimely. She also requested an award of attorney fees.

A hearing on the motion took place on March 28, 2023. Chicatelli argued that the order should be vacated because he was "coerced into signing papers that [he] had no idea what [he] was signing due to [his] mental incapacity to understand anything." When the court asked Chicatelli why he waited so long to file the motion, Chicatelli stated:

> I've been fighting this drug addiction since I was 15 years old. Mentally I was not able to. I was in and out of drug rehab, in and out of hospitals, in and out of mental institutions because of my addictions. And I didn't actually know the story behind it all. I thought the court had just given me a bad judgment, honestly.
>
> And so I started looking into it and found out more about she was involved with her boss's brother, Matt, who she married later. So that was kind of her motive in getting these papers and all this stuff pushed through.

3

The superior court denied Chicatelli's motion as untimely filed. The court noted that even considering Chicatelli's claim that he was "mentally disabled" by drug addiction when he signed the final divorce documents, Chicatelli delayed filing the motion for at least seven years after becoming sober, so it was not filed within a reasonable time as CR 60(b) requires. The court further found that even if the motion did not fail based on timeliness, it would fail on its merits because Chicatelli provided insufficient evidence to support his claims. The court awarded Larson attorney fees in the amount of $3,500. Chicatelli moved for an extension of time to file a motion for reconsideration, which the trial court denied.[1]

Chicatelli appeals.

ANALYSIS

"Finality of judgments is a central value in the legal system, but circumstances can arise where finality must give way to the greater value that justice be done." Shandola v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). CR 60(b) provides a "balance between finality and fairness by listing limited circumstances under which a judgment may be vacated." Shandola, 198 Wn. App. at 895. In pertinent part, CR 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for these reasons:

---

[1] Chicatelli's notice of appeal attached the order denying his motion for extension of time to file a motion for reconsideration but his briefing does not address this issue, so we deem it abandoned. See GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 134, 317 P.3d 1074 (2014) (citing Coggle v. Snow, 56 Wn. App. 499, 512, 784 P.2d 554 (1990)).

4

> (4) Fraud [], misrepresentation, or other misconduct of an adverse party;
>
> (5) The judgment is void;
>
> . . . ; or
>
> (11) Any other reason justifying relief from the operation of the judgment.

CR 60(b).

"[R]eview of a CR 60(b) decision is limited to the trial court's decision, not the underlying order the party seeks to vacate." In re Marriage of Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015). The party seeking relief under CR 60(b) bears the burden of showing relief is warranted. Fowler v. Johnson, 167 Wn. App. 596, 605, 273 P.3d 1042 (2012).

A superior court's decision on a motion to vacate a judgment or order under CR 60(b) is generally reviewed for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 312, 989 P.2d 1144 (1999). But a trial court's ruling under CR 60(b)(5) is reviewed de novo. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

### CR 60(b)(5)

Chicatelli argues that the superior court erred by denying his motion to vacate pursuant to CR 60(b)(5) as untimely. He contends that this court should remand to the superior court to consider whether the support order is void.

CR 60(b) requires that the motion be made "within a reasonable time" of the judgment, order, or proceeding that the movant seeks to vacate. But courts have a nondiscretionary duty to vacate a void judgment. Rabbage v. Lorella, 5 Wn. App. 2d 289, 297, 426 P.3d 768 (2018). Thus, a motion to vacate an order

5

as void under CR 60(b)(5) may be brought at any time, despite the plain language of the rule. In re Marriage of Leslie, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989); Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994); Ellison v. Process Sys. Inc. Const. Co., 112 Wn. App. 636, 642, 50 P.3d 658 (2002). To the extent Chicatelli argued the order was void based on CR 60(b)(5), it was not untimely.

But Chicatelli has not shown that the order was void. The basis for his claim is that the court failed to follow RCW 26.19.071(6)'s mandatory procedures in determining that he was underemployed and imputing income. A court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over a claim. Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 198, 312 P.3d 976 (2013). Where a court has jurisdiction over the person and the subject matter, its decision is voidable, not void, even if based on a fundamental error of law. In re Marriage of Ortiz, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987). Cases holding otherwise are inconsistent with Supreme Court precedent. Rabbage, 5 Wn. App. 2d at 298; In re Marriage of Orate, 11 Wn. App. 2d 807, 813, 455 P.3d 1158 (2020).

Here, Chicatelli does not argue that the court lacked jurisdiction to enter the challenged order, and nothing in the record suggests otherwise. He solely asserts an error of law. Accordingly, the challenged order is merely voidable, not void. CR 60(b)(5) offers no basis to vacate the child support order.

<u>CR 60(b)(4)</u>

Chicatelli also argues that the trial court erred by concluding that there was insufficient evidence of fraud, misrepresentation, or other misconduct to support vacating the order under CR 60(b)(4). The party attacking an order under CR 60(b)(4) " 'must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence.' " <u>Hor v. City of Seattle</u>, 18 Wn. App. 2d 900, 912, 493 P.3d 151 (2021) (quoting <u>Lindgren v. Lindgren</u>, 58 Wn. App. 588, 595, 794 P.2d 526 (1990)).

To be considered timely, a motion to vacate under CR 60(b)(4) must be made "within a reasonable time." A reasonable time depends on the "critical period" between the party's discovery of the judgment or order and the filing of the motion to vacate. <u>Luckett</u>, 98 Wn. App. at 311-12. "What constitutes a reasonable time depends on the facts and circumstances of each case." <u>Id.</u> at 312. The major considerations in determining the timeliness of the motion are whether the delay during the critical period prejudiced the nonmoving party and whether the moving party has good reasons for failing to bring the motion earlier. <u>Id.</u>

Here, Chicatelli was aware of the challenged order when it was entered in March 2009, yet waited almost 14 years to file his motion to vacate. He argues that the motion was brought within a reasonable time because in 2022, he learned for the first time that Larson already intended to quickly relocate the children before he signed the final divorce documents, thus making her promise of future visitations a misrepresentation. But Chicatelli learned of Larson's plans

just two months after the final divorce documents were entered in 2009. In his declaration, Chicatelli asserted that "the fact that Petitioner and the Children were living in Gulf Shores Alabama by Mid 2009 is evidence in itself that her actions were premeditated." Chicatelli also argues that the delay was reasonable based on his ongoing drug and alcohol addiction, but he does not explain why he waited at least seven years after achieving consistent sobriety to file his motion. Moreover, the prejudice to Larson is clear as she raised the children to adulthood in reliance on the child support order. We also note that Chicatelli could have, but did not, move to modify the child support order based on a change in income. The trial court did not err in finding that Chicatelli did not file his CR 60(b)(4) motion within a reasonable time.

Nor did Chicatelli meet his burden to establish fraud, misrepresentation, or other misconduct by clear and convincing evidence. Chicatelli argues that Larson misrepresented the law, omitted important information, used the illusory promise of visitation to get him to sign documents that he did not understand, and threatened to withhold visitation if he refused. He further contends that he lacked bargaining power because he was homeless, living below the poverty line, and in residential treatment for long-term addiction, whereas Larson was living with the children and had access to legal advice from her employer.

But Chicatelli was fully aware of the language of the final divorce documents when he signed them. The record shows that when Chicatelli signed the divorce documents, he was living with the pastor of the church who ran the recovery program. The pastor is listed as a mediator in the parenting plan, and

8

the parties participated in private mediation with him before the divorce documents were signed. And although Chicatelli suggests that chemical dependency made him vulnerable to Larson's manipulations, he does not claim – nor does the record suggest – that he was under the influence of drugs or alcohol when he signed the divorce documents. Rather, Chicatelli had successfully completed treatment and was returning to an apprenticeship program. The court did not abuse its discretion in denying relief under CR 60(b)(4).

CR 60(b)(11)

Chicatelli argues that even if none of the other provisions of CR 60(b) apply, he is entitled to relief under CR 60(b)(11), which allows a court to grant a party relief for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11) motions must be made within a "reasonable time." For the same reasons discussed above, Chicatelli's motion to vacate under CR 60(b)(11) was not filed within a reasonable time.

Nor has Chicatelli shown a substantive basis for relief. CR 60(b)(11) is a "catchall provision" of the rule, and relief is "limited to situations involving extraordinary circumstances" not covered in any other section of CR 60(b). In re Welfare of R.S.G., 172 Wn. App. 230, 243-44, 289 P.3d 708 (2012). And "those circumstances must relate to 'irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings.' " Topliff v. Chi. Ins. Co., 130 Wn. App. 301, 305, 122 P.3d 922 (2005) (quoting In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)).

Chicatelli argues that relief is warranted because (1) Larson's decision to supplant the court's exclusive authority to make a determination of voluntary underemployment was extraneous to the court's action of signing the order she presented, (2) the imputing of income without supporting evidence or determination on the record violated RCW 26.19.071(6), (3) Larson inserted an unlawful waiver of relocation notice requirements, and (4) Larson attempted to avoid the relocation notice requirement. But the court did ultimately make the decision to sign the final divorce documents Larson presented, of which the findings of fact and conclusions of law, parenting plan, and order of child support, contained Chicatelli's signature. An alleged error of law does not amount to an extraordinary circumstance justifying relief under CR 60(b)(11).

<u>Attorney Fees</u>

Chicatelli challenges the trial court's award of attorney fees. He argues that the trial court did not make findings sufficient to support an award of attorney fees and that he was denied notice and an opportunity to be heard. Attorney fee awards are reviewed for abuse of discretion. <u>Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.</u>, 122 Wn.2d 299, 335, 858 P.2d 1054 (1993).

A court may not award attorney's fees without a contract, statute, or recognized ground of equity providing for an award of fees. <u>Gabelein v. Diking Dist. No. 1 of Island County</u>, 182 Wn. App. 217, 237, 328 P.3d 1008 (2014). Trial courts must articulate the grounds for a fee award, making a record sufficient to permit meaningful review. <u>White v. Clark County</u>, 188 Wn. App. 622, 639, 354 P.3d 38 (2015). This generally means the court " 'must supply findings of fact

10

and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question.' " White, 188 Wn. App. at 639 (quoting SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 144, 331 P.3d 40 (2014)).  The party requesting the fee must provide reasonable documentation of the work performed.  Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).  The court must also conduct "an independent evaluation of the reasonableness of the fees" and cannot simply rely on the billing records and pleadings of the prevailing party.  Berryman v. Metcalf, 177 Wn. App. 644, 677-78, 312 P.3d 745 (2013).  "Meaningful findings and conclusions must be entered to explain an award of attorney fees."  Berryman, 177 Wn. App. at 677.  "The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."  Id. at 658.  If the trial court does not make findings of fact and conclusions of law supporting the attorney fee award, the appropriate remedy is to remand to the trial court for entry of proper findings and conclusions.  White, 188 Wn. App. at 639.

Here, counsel for Larson submitted an attorney fee declaration indicating that she had charged a flat fee of $3,500.  The trial court stated that it would "consider attorney's fees because I do not believe this – that there was really a basis to bring this motion."  But the court found the declaration insufficient to support a fee award and directed counsel to submit an updated declaration with her proposed order.  Counsel did so.

The updated declaration is sufficient to support an award of fees.  And Larson requested attorney fees in her response to Chicatelli's motion to vacate,

11

which was filed 11 days before the hearing. Chicatelli had sufficient notice and opportunity to respond to the fee request. However, the trial court did not enter findings of fact and conclusions of law in support of the fee award. Remand is necessary on this basis.

We affirm the order denying Chicatelli's CR 60(b) motion to vacate but remand for the trial court to enter findings of fact and conclusions of law explaining the legal basis and reasonableness of the court's award of attorney fees.

_Smith, C.J._

WE CONCUR:

_Díaz, J._                    _Birk, J._