[No. 13278-1-III. Division Three. November 17, 1994.]

RICHARD C. WOODRUFF, *Respondent*, v. RICHARD SPENCE, ET AL, *Appellants*.

---

*Nicholas L. Clapham*, for appellants.

*Richard L. Jones* and *Miller & Jones*, for respondent.

MUNSON, J. — Richard Spence appeals orders denying his motions to vacate a default judgment. He contends the court erred in finding (1) there was jurisdiction based on personal service and (2) the arbitration provision of the underlying contract did not deprive the court of jurisdiction to enter the default judgment.

On December 24, 1990, Richard Woodruff sold Mr. Spence real property located in Kittitas County for a purchase price of $28,000. Payment was to be $12,000 cash, assumption of an underlying real estate contract and a "1966 Owens powerboat". The sale agreement included a warranty on the power boat and an arbitration clause. The arbitration clause provides:

11. *Arbitration. Default and Attorneys' Fees*: The sole method by which any disputes between the parties, arising from this transaction, shall be resolved shall be by arbitration in accordance with RCW 7.04, *et seq.*, as enacted and subsequently amended, with venue and jurisdiction in Kittitas County, Washington. In the event either party shall institute arbitration proceedings or a judicial appeal therefrom, the successful party shall be awarded court costs and any reasonable attorneys' fee. Judgment by an arbitrator shall be entered in any court having subject matter jurisdiction.

On February 26, 1992, Mr. Woodruff filed a complaint in Kittitas County Superior Court alleging the powerboat was unseaworthy, not in good working order, and seeking an unspecified amount of damages. An affidavit of service filed with the complaint showed Mr. Spence was personally served on January 20, 1992, at 16343 Southeast May Valley Road, Renton, in King County. Mr. Woodruff moved for default judgment on February 28, submitting his supporting affidavit declaring he suffered damages of $6,000. Default judgment was entered March 2, 1992, awarding damages of $6,000 and costs of $495.50.

Mr. Spence moved for relief from judgment on April 5, 1993. He filed his supporting affidavit alleging he had never been served with notice of the action and had only recently become aware of the lawsuit. Mr. Woodruffs attorney filed a responsive declaration stating Mr. Spence had been served. Mr. Spence provided the affidavits of two people who were at the Renton address on January 20 stating no personal service occurred. The court denied the motion to vacate the default judgment. Mr. Spence filed a second motion, seeking to set aside the judgment and stay the proceedings to let arbitration go forward. This motion was also denied, and Mr. Spence appealed.

Mr. Spence contends the default judgment is void for lack of personal service and the trial court erred in denying his motions to vacate the judgment.

■■ Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party, and a judgment entered without such jurisdiction is void. *Lee v. Western Processing Co.*, 35 Wn. App. 466, 469, 667

P.2d 638 (1983). An affidavit of service is presumptively correct, and the challenging party bears the burden of showing improper service by clear and convincing evidence. *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992).

When a motion to set aside a default judgment is supported by affidavits asserting lack of personal service, and the plaintiff files controverting affidavits, a triable issue of fact is presented. *Roth v. Nash*, 19 Wn.2d 731, 144 P.2d 271 (1943); *see Little v. Rhay*, 8 Wn. App. 725, 509 P.2d 92 (1973). The court, in its discretion, may direct that an issue raised by motion be heard on oral testimony if that is necessary for a just determination. *Swan v. Landgren*, 6 Wn. App. 713, 495 P.2d 1044 (1972); CR 43(e)(1). A court may abuse its discretion by failing to hold an evidentiary hearing when affidavits present an issue of fact whose resolution requires a determination of witness credibility. *See Autera v. Robinson*, 419 F.2d 1197, 1202 (D.C. Cir. 1969).

Prior to the second motion to set aside the judgment, Mr. Spence filed a declaration that included the statement he was in Bellingham at the time the affidavit of service showed service occurred in Renton. Mr. Spence also provided the affidavit of his son, Richelle Spence, who declared he was at his father's residence at the same address and on the same date that service allegedly occurred. According to the son, no process servers were on the property. Another individual, David Randall, declared he was working in the shop adjoining Mr. Spence's residence on January 20, 1992. Mr. Randall saw no one out of the ordinary coming to or going from the residence.

The affidavits in this case present an issue of fact which can only be resolved by determining the credibility of the witnesses.[1] The matter must be remanded for an evidentiary hearing to resolve this fact issue.

---

[1] In *Demopolis*, the affidavit of service was corroborated by a copy of a telephone message confirming service, and the defendant's evidence of lack of service was equivocal.

Mr. Spence contends the court erred in denying his motion to stay judicial proceedings pending arbitration. The right to arbitration may be waived:

> Ordinarily, if one party initiates court action in spite of an arbitration clause, the other party is entitled to an order staying the litigation. *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wn.2d 126, 426 P.2d 828 (1967). *See also* RCW 7.04.030. Parties to an arbitration contract may waive that provision, however, and a party does so by failing to invoke the clause when an action is commenced and arbitration has been ignored. *Pedersen v. Klinkert*, 56 Wn.2d 313, 352 P.2d 1025 (1960); *Geo. V. Nolte & Co. v. Pieler Constr. Co.* 4, 54 Wn.2d 30, 337 P.2d 710 (1959); *Finney v. Farmers Ins. Co.*, 21 Wn. App. 601, 586 P.2d 519 (1978), *aff'd*, 92 Wn.2d 748, 600 P.2d 1272 (1979).

*Lake Wash. Sch. Dist. 414 v. Mobile Modules Northwest, Inc.*, 28 Wn. App. 59, 61, 621 P.2d 791 (1980). A valid waiver must be knowingly made.

Whether Mr. Spence knowingly waived his right to arbitration depends on whether he had notice of the action against him prior to entry of the default judgment. The trial court cannot determine whether Mr. Spence had notice of Mr. Woodruffs complaint without an evidentiary hearing. Resolution of the issue of waiver of the right to arbitration must abide the outcome of that hearing.

Both parties request attorney fees.

The contract provides for an award of attorney fees "[i]n the event either party shall institute arbitration proceedings . . .". No arbitration proceedings have been instituted. A request for fees pursuant to the contract is premature.

The statute, RCW 4.84.250, authorizes an award of fees to the prevailing party where the amount pleaded is less than $10,000. As we are remanding the case for further proceedings, an award of attorney fees would be premature.

We remand for hearing on the issue of service and such other proceedings as necessary.

THOMPSON, C.J., and SWEENEY, J., concur.