# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 APR -3 AM 9: 29
COURT OF APPEALS DIV I
STATE OF WASHINGTON

| | | |
|---|---|---|
| MARK HOPKINS AND GEORGIA HOPKINS, husband and wife, | ) ) ) | No. 74068-7-I |
| Respondents, | ) ) | DIVISION ONE |
| v. | ) ) | |
| KIRK AND JENNIFER BANKS, as assignees for MRS. BILLIE E. GETSCHMANN SKYLES, | ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) ) | FILED: April 3, 2017 |

LEACH, J. — Kirk and Jennifer Banks appeal the trial court's reinstatement of a default judgment for Mark and Georgia Hopkins. This court substituted the Bankses as defendants in place of Billie Getschmann Skyles, who died. The Bankses contend that the Hopkinses did not properly serve Skyles with the summons and complaint or their motion for default judgment. They also contend that the Hopkinses' counsel withheld material facts at the default judgment hearing. The Hopkinses cross appeal, challenging the trial court's denial of attorney fees.

The Hopkinses presented prima facie proof of proper service on Skyles, and the Bankses did not present clear and convincing evidence showing otherwise. Because the Bankses' other two challenges are not properly before

this court, we decline to consider them. Thus, we affirm the trial court's reinstatement of the default judgment. And because RCW 4.84.330 required the trial court to award reasonable attorney fees to the Hopkinses under their agreement with Skyles, we remand for the trial court to decide the proper amount.

## FACTS

Billie Getschmann Skyles owned and lived on a goat ranch near Gold Bar, Washington. Kirk and Jennifer Banks also lived on the ranch. They helped Skyles and took care of the goats and the property.[1]

In February 2014, Skyles signed a purchase and sale agreement (PSA), selling part of her property to neighbors Mark and Georgia Hopkins. That November, the Hopkinses sued Skyles to enforce the PSA.[2] On December 18, Richard Wagner attempted to serve the Hopkinses' complaint and summons on Skyles.

Skyles filed a pro se notice of appearance on January 6, 2015. But she did not appear at the default judgment hearing the Hopkinses scheduled for January 27. The trial court entered a default judgment in favor of the Hopkinses.

---

[1] Jennifer Banks also appears in the record as Jennifer Wilson. For clarity, Kirk and Jennifer Banks are referred to by their first names when mentioned as individuals.

[2] The Hopkinses claimed that Skyles breached the PSA by failing to sign a boundary line adjustment.

Later, Skyles asked the trial court to vacate the judgment, arguing that she was not properly served. The parties submitted the following evidence about Wagner's efforts to serve Skyles.

In his first declaration, Wagner stated that he served Skyles with the summons and complaint at her address on December 18, 2014.

Skyles stated in a declaration that she was not served with process papers. She also submitted a declaration purporting to be signed by Wagner. That declaration stated that Wagner served the documents on Kirk, not Skyles, adding, "I was not given clear directions and was confused about the service process."

Hopkins then submitted a third declaration from Wagner. Wagner said he reviewed the second declaration in his name. He stated, "That is not my signature. It is a forgery." He said that Kirk had offered him money to sign such a declaration, but he declined. He attached copies of text messages containing those offers.[3] He continued,

> To be clear, . . . I served a copy of the following documents upon a woman known to me to be Billie E. Getschmann Skyles at the address of 41816 May Creek Rd, Gold Bar, Washington 98251. The documents were physically handed to Kirk Banks in the presence of Billie E. Getschmann who was sitting in a chair a few feet beyond my reach but who acknowledged my presence.

---

[3] The texts offered Wagner cash to sign a new declaration saying "that you served Kirk not [B]illie [Skyles.] No one explained the rules [of] service you were unaware."

The Hopkinses also submitted a declaration by Jeannie Harrison, who stated, "On December 18, 2014 I accompanied Richard Wagner when he went to serve Billie Getschmann Skyles. . . . I walked with Richard to the fence where I stopped and watched Richard walk to Billie's house. He returned without the papers."

A commissioner vacated the judgment on September 1, 2015. The Hopkinses asked the trial court to revise this decision. The trial court reinstated the judgment on September 18.

Skyles died on September 26, 2015. She had purportedly assigned her interest in this lawsuit to the Bankses. Counsel for Skyles appealed the September 18 order in October 2015.

In December 2015, the Bankses filed their own motion to vacate the default judgment. The trial court noted that the defendant, Skyles, had died and the Bankses had not asked to substitute themselves as parties. So it declined to decide the Bankses' motion until it could determine the identity of the defendant and whether a "viable action" existed.

At the Bankses' request, this court substituted them for Skyles in the appeal from the September 2015 order.

## STANDARD OF REVIEW

The Hopkinses ask this court to apply a substantial evidence review standard to the trial court's decision about the service of process. While this court reviews a trial court's findings of fact for substantial evidence,[4] we generally review the propriety of service de novo.[5] "Appellate courts give deference to trial courts on a sliding scale based on how much assessment of credibility is required."[6] We review issues de novo "[w]here the record at trial consists entirely of written documents and the trial court therefore was not required to 'assess the credibility or competency of witnesses, and to weigh the evidence, nor reconcile conflicting evidence.'"[7] Review for substantial evidence may be more appropriate where "the trial court reviewed an enormous amount of documentary evidence, weighed that evidence, resolved inevitable evidentiary conflicts and discrepancies, and issued statutorily mandated written findings."[8]

---

[4] Guarino v. Interactive Objects, Inc., 122 Wn. App. 95, 108, 86 P.3d 1175 (2004).

[5] See Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014); Delex Inc. v. Sukhoi Civil Aircraft Co., 193 Wn. App. 464, 469, 372 P.3d 797, review denied, 186 Wn.2d 1027 (2016).

[6] Dolan v. King County, 172 Wn.2d 299, 311, 258 P.3d 20 (2011).

[7] Dolan, 172 Wn.2d at 310 (internal quotation marks omitted) (quoting Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wn.2d 243, 252, 884 P.2d 592 (1994)).

[8] Dolan, 172 Wn.2d at 311.

Here, the trial court considered a relatively small record that consisted solely of documentary evidence. It made no written findings. We adhere to our normal rule and review the propriety of service de novo.

This court uses an error of law standard to review a party's entitlement to some award of attorney fees authorized by statute.[9]

## ANALYSIS

### Service of Process

The Bankses contend that the default judgment was void for lack of personal jurisdiction over Skyles because she was not served with the summons and complaint. The Hopkinses respond that Richard Wagner served Skyles personally or, alternatively, by substitute service through Kirk Banks. We agree that the Hopkinses accomplished personal service on Skyles and decline to reach the issue of substitute service.

Proper service of the summons and complaint is necessary for a trial court to have personal jurisdiction over a party.[10] A judgment that the court enters without this jurisdiction is void.[11]

Former RCW 4.28.080(15) (1997) authorized a plaintiff to serve a defendant personally or by leaving a copy of the summons at the defendant's

---

[9] MJD Props., LLC v. Haley, 189 Wn. App. 963, 976, 358 P.3d 476 (2015).
[10] Woodruff v. Spence, 76 Wn. App. 207, 209-10, 883 P.2d 936 (1994).
[11] Woodruff, 76 Wn. App. at 209-10.

-6-

usual abode with a "person of suitable age and discretion" who resides there.[12] Substitute service statutes require strict compliance, but "personal service statutes require only substantial compliance."[13] Substantial compliance is "'actual compliance in respect to the substance essential to every reasonable objective of [a] statute.'"[14] This "requires both actual notice and service in a manner reasonably calculated to reach the party on whom the statute requires service."[15]

"When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service."[16] The plaintiff can do this with the declaration of a process server "regular in form and substance."[17] The defendant must then show with clear and convincing evidence

---

[12] Former RCW 4.28.080(15) (1997), recodified as RCW 4.28.080(16).

[13] Martin v. Triol, 121 Wn.2d 135, 144, 847 P.2d 471 (1993); see Bruett v. 18328 11th Ave. NE, 93 Wn. App. 290, 299, 968 P.2d 913 (1998).

[14] Weiss v. Glemp, 127 Wn.2d 726, 731, 903 P.2d 455 (1995) (alteration in original) (internal quotation marks omitted) (quoting Seattle v. Pub. Emp't Relations Comm'n, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991)); see United Pac. Ins. Co. v. Discount Co., 15 Wn. App. 559, 561-62, 550 P.2d 699 (1976) (holding defendant was served where server made "clear attempt . . . to yield possession and control of the documents to [the defendant] while he was positioned in a manner to accomplish that act"); Thayer v. Edmonds, 8 Wn. App. 36, 39-41, 503 P.2d 1110 (1972) (holding personal service effective where defendant indicated consent for server to leave papers between door and doorjamb).

[15] In re Marriage of Mu Chai, 122 Wn. App. 247, 253, 93 P.3d 936 (2004).

[16] Northwick v. Long, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015).

[17] Northwick, 192 Wn. App. at 261.

that service was improper.[18] "Failure to make proof of service does not affect the validity of the service."[19] On the other hand, actual notice does not establish valid service.[20]

Here, Wagner's declarations provide prima facie proof that the Hopkinses substantially complied with the personal service statute. The first declaration stated, "On Thursday, December 18, 2014 at approximately 3:30 PM, I served a copy of the [summons and complaint] upon a woman known to me to be Billie E. Getschmann Skyles, at the address of 41816 May Creek Rd, Gold Bar, WA 98251." The third Wagner declaration again stated that he personally served Skyles but added that he actually handed the papers to Kirk in Skyles's presence. The Hopkins also submitted a declaration from Jeannie Harrison, who stated that she saw Wagner walk to Skyles's house with the papers and return without them.

Wagner's declarations were "regular in form and substance."[21] They also show substantial compliance. Taking the facts as stated in the third Wagner

---

[18] Northwick, 192 Wn. App. at 261. Where neither party timely requests live testimony, the trial court and reviewing court may determine the propriety of service based on affidavits alone. See Leen v. Demopolis, 62 Wn. App. 473, 478-79, 815 P.2d 269 (1991).
[19] CR 4(g)(7).
[20] Gerean v. Martin-Joven, 108 Wn. App. 963, 972, 33 P.3d 427 (2001).
[21] Northwick, 192 Wn. App. at 261; see Alvarez v. Banach, 153 Wn.2d 834, 840, 109 P.3d 402 (2005) (noting that proof of service is sufficient if it shows the date, manner, and place of service).

-8-

declaration, the summons and complaint were "reasonably calculated to reach" Skyles: Skyles saw and nodded to Wagner as he handed the documents to Kirk; Kirk was one of Skyles's "caretakers" and so could be expected to deliver important documents to her; moreover, the Bankses do not dispute that Skyles received actual notice, and she filed a notice of appearance 19 days later.

The Bankses failed to rebut the Hopkinses' showing with clear and convincing evidence that service was improper. Their evidence consisted of the purported second Wagner declaration and Skyles's two identical statements that she was not served with the papers. Skyles's statements—"I was not served with the lawsuit papers—period"—were vague, self-serving, and conclusory. The alleged second declaration by Wagner is even less substantial: Wagner's subsequent declaration stated that his purported signature on the second declaration was a forgery and that around the date on that declaration, Kirk tried to bribe him to sign such a statement.

Taken together and in light of the Hopkinses' evidence, the Bankses' evidence is neither clear nor convincing. We therefore conclude the Hopkinses accomplished personal service on Skyles.

Second Motion To Vacate

The Bankses make two arguments that they first raised in their motion to vacate. They contend that the Hopkinses' counsel violated a rule of professional

conduct by withholding material information at the default judgment hearing, and they contend that the Hopkins did not properly serve their motion for default judgment on Skyles.[22] These challenges are not properly before this court.

RAP 2.2 lists the trial court decisions a party may appeal. These include a "final judgment entered in any action or proceeding" and "[a]n order granting or denying a motion to vacate a judgment."[23]

The trial court heard the Bankses' second motion to vacate the default judgment on January 8, 2016. The trial court declined to decide the motion because Skyles had died in September 2015 and no party had been substituted in her place. Because the trial court did not enter an order granting or denying the Bankses' motion to vacate or a final judgment of any kind, RAP 2.2 provides no basis for the Bankses to appeal the trial court's inaction.

Instead, the only order the Bankses' appeal brings to this court for review is the order granting the Hopkinses' motion to revise the commissioner's ruling. These two issues were not raised in the briefing on that motion. We decline to consider them for the first time on appeal.[24]

---

[22] See CR 5(b)(2)(B).
[23] RAP 2.2(a)(1), (10).
[24] RAP 2.5(a). The Bankses do not assert that their challenges fall under any of the types that can be raised for the first time on appeal, and such an argument would in any case lack merit.

Attorney Fees

Because the Bankses' arguments on appeal fail, we deny their request for attorney fees.[25]

In the Hopkinses' cross appeal, they contend that the trial court should have awarded them attorney fees under the PSA. We agree.

RCW 4.84.330 requires that the trial court award attorney fees to the prevailing party in an action to enforce a contract where the contract provides for an award of reasonable attorney fees to one of the parties in an enforcement action.

Here, paragraph 13 of the PSA states,

> In the event that any suit or other proceeding is instituted by either party to this [PSA] or that any costs, expenses or attorney fees are incurred or paid by either party in enforcing this [PSA], the substantially prevailing party, as determined by the court or in the proceeding, shall be entitled to recover its reasonable attorneys fees and all costs and expenses incurred relative to such suit or proceeding from the substantially non-prevailing party, in addition to such other relief as may be awarded.

The Hopkinses requested attorney fees under paragraph 13 in their motion for default and attached an affidavit documenting $3,356 in attorney fees and costs. The trial court awarded that amount in its default judgment. The commissioner vacated that award along with the rest of the default judgment.

---

[25] RAP 18.1.

When the trial court reinstated the default judgment, it denied the Hopkinses' request for attorney fees without explanation.

The Bankses make no argument supporting the trial court's decision not to award attorney fees to the Hopkinses. The PSA provides for attorney fees the prevailing party incurs in an enforcement action. The Hopkinses prevailed in the trial court and now prevail on appeal in an enforcement action. RCW 4.84.330 thus required the trial court to award reasonable attorney fees to the Hopkinses. Because the Hopkinses have requested additional trial court fees and appellate fees, we remand to the trial court to redetermine a reasonable attorney fee award.

## CONCLUSION

Because the Bankses did not satisfy their burden of showing that service of process was improper, we affirm in part. Because the trial court erred when it denied the Hopkinses attorney fees under their contract with Skyles, we remand for the trial court to determine a reasonable attorney fee award.

_Leach, J._

WE CONCUR:

_Spearman, J._

-12-