**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| TSION YOSEPH,<br><br>     Appellant,<br><br>  v.<br><br>NANCY HVASTA LEONARDI and BRANDON LEONARDI, individually and as wife and husband and the marital community comprised thereof,<br><br>     Respondents. | No. 80906-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DWYER, J. — After Tsion Yoseph and Nancy Hvasta Leonardi were in a vehicle collision, Leonardi provided a home address in Santa Rosa, California. Three years later, Yoseph filed a personal injury lawsuit against Leonardi. A process server delivered a copy of the summons and complaint to an individual at the Santa Rosa address who identified herself as Nancy Hvasta Leonardi. Leonardi later filed a CR 12(b)(5) motion to dismiss for insufficient service of process, asserting that the Santa Rosa address was not proved to be her usual place of abode at the time of service. The trial court agreed and dismissed the case. But the trial court did so without entry of findings of fact. Because conflicting evidence raises unresolved questions of fact as to whether service was proper, we reverse.

I

Tsion Yoseph and Nancy Hvasta Leonardi were in an automobile collision on June 30, 2016. Following the collision, Leonardi presented her California driver's license and registration to police. The police report lists Santa Rosa, California as Leonardi's address. The police report lists Brandon Leonardi as the registered owner of the vehicle, but does not list his address.[1]

On April 17, 2019, Yoseph filed a personal injury action against Nancy Hvasta Leonardi and Brandon Leonardi. On April 1, 2019, process server Brandon Heffelfinger served the summons and complaint at the Santa Rosa address and later submitted an affidavit of service stating:

> On the 1st day of April, 2019 at 10:56 AM at the address of 2116 NATASHA CT, SANTA ROSA, Sonoma County, CA 95403; this declarant served the above described documents upon NANCY HVASTA LEONARDI and BRANDON LEONARDI by then and there personally delivering 2 true and correct copy(ies) thereof, by then presenting to and leaving the same with NANCY HVASTA LEONARDI. Who accepted service, with identity confirmed by subject saying yes when named, a white female approx. 45-55 years of age, 5'6" – 5'8" tall, weighing 120-140 lbs with gray hair with glasses, a person of suitable age and discretion who stated they reside at the defendant's/respondent's usual place of abode listed above.

Yoseph then filed a declaration of joinder indicating that all parties had been served.

On May 31, 2019, Nancy and Brandon Leonardi filed an answer to Yoseph's complaint asserting multiple affirmative defenses including insufficient service of process. On October 30, 2019, after expiration of the three year

---

[1] Although Yoseph's complaint indicates that Nancy and Brandon Leonardi are husband and wife, Nancy Leonardi states that Brandon is her adult son.

2

statutory limitation period, the Leonardis filed a motion to dismiss based on insufficient service of process. The motion stated that "[a]t the time of the accident, Ms. Leonardi owned and resided at a house located at 10719 NE 189th Street, in Bothell, Washington, 98011."

The motion further asserted:

> Ms. Leonardi's work often requires her to travel between Washington, Oregon, and California. Presently time [sic], Ms. Leonardi still owns the Bothell residence that she lived in at the time of the accident. However, Ms. Leonardi presently rents out the Bothell residence in order to pay the mortgage, rather than have the house remain empty while Ms. Leonardi is away for work. When Ms. Leonardi travels to California for work, she often stays with her elderly mother at the Santa Rosa residence identified on Ms. Leonardi's California driver's license.

Although the motion characterizes the Bothell address as Leonardi's "usual abode," it provides no other information about Nancy Leonardi's residence at the time of service and no information about Brandon Leonardi's residence at any time.

The sole evidence provided in support of the motion is a declaration from Nancy Leonardi. In the declaration, Leonardi admitted that she has a California driver's license bearing the Santa Rosa address, but asserted that she was not present at the time of service and that the process server actually served her elderly mother:

> On or about April 1, 2019, my mother called me on the telephone to inform me that a process server was attempting to serve legal documents on me at her California address. I told my mother that she could not accept the legal documents for me, as I was not there at the time.
>
> I understand that the Summons and Complaint were then left on the front porch of my mother's California home.

3

. . . .

> Physically, my mother is 87 years old, approximately 5'3" tall, and approximately 105 lbs. She has gray hair that is dyed brown (although more gray than brown), and she wears glasses.
>
> Physically, I am 54 years old, 5'8" and approximately 175 lbs. I have light brown hair with blond highlights, and I wear glasses.

Leonardi's declaration does not address the process server's sworn testimony that the person he served identified herself as "Nancy Hvasta Leonardi." Nor does the declaration expressly state where Leonardi lived at the time of service. No declaration from Leonardi's mother was provided.

On November 25, 2019, the superior court entered an order granting the Leonardis' motion to dismiss for insufficient service of process and dismissed Yoseph's lawsuit with prejudice. It did not enter any factual findings. On December 16, 2019, the court denied Yoseph's motion for reconsideration. Yoseph now appeals.

## II

"Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party, and a judgment entered without such jurisdiction is void." Woodruff v. Spence, 76 Wn. App. 207, 209, 883 P.2d 936 (1994).

When the key facts are stipulated to, agreed, or otherwise not in dispute, whether service of process was proper is a pure question of law that we review de novo. Heinzig v. Seok Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015).

> The plaintiff bears the initial burden to prove a prima facie case of sufficient service. Streeter-Dybdahl [v. Nguyet Huynh], 157 Wn.

App. [408], 412, [236 P.3d 986 (2010)] (citing Gross v. Sunding, 139 Wn. App. 54, 60, 161 P.3d 380 (2007)). The party challenging the service of process must demonstrate by clear and convincing evidence that the service was improper. Id. (citing Woodruff v. Spence, 76 Wn. App. 207, 210, 883 P.2d 936 (1994)).

Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

The parties misapprehend statements in various cases that our review is de novo to indicate that we act as fact finders on appeal. Each party attempts to convince us that its version of the facts should prevail. But appellate courts do not find facts. Thorndike v. Hesperian Orchards, Inc., 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Trial courts make factual findings. Thorndike, 54 Wn.2d at 575. Challenged factual findings are upheld when they are supported by substantial evidence. In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).

It is true that, even when the trial court does not enter findings of fact, our review is de novo. Streeter-Dybdahl, 157 Wn. App. at 412. But it is the question of law that we review de novo. Streeter-Dybdahl, 157 Wn. App. at 412. De novo review does not allow us to resolve questions of fact.

Instead, with regard to the factual basis for a trial court's ruling, we must apply the standard applicable to legal rulings that are not based upon the resolution of contested facts. This standard is the one applicable to summary judgment rulings. Applying this standard, we review the order de novo, engaging in the same inquiry as the trial court, and considering all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. Green v. Normandy Park Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007). We will affirm the order when the evidence

5

submitted by the parties raises no material question of fact and the moving party is entitled to judgment as a matter of law.[2]  Green, 137 Wn. App. at 681.

The burden shifting obligations of the parties does not preclude this approach.  Indeed, such review is common in employment discrimination lawsuits in which a similar burden shifting paradigm is applicable.  See, e.g., Scrivener v. Clark College, 181 Wn.2d 439, 334 P.3d 541 (2014).  Likewise, a heightened burden of persuasion does not foreclose utilization of this method of appellate review.  See, e.g., Tiger Oil Corp. v. Yakima County, 158 Wn. App. 553, 242 P.3d 936 (2010) (summary judgment in case involving clear, cogent, and convincing evidence standard).

III

Thus, the dispositive issue on appeal is whether the evidence presented to the trial court raises material questions of fact regarding whether Yoseph properly served the Leonardis.  We conclude that it does.

Service on a defendant may be accomplished either by serving the defendant personally "or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein."  RCW 4.28.080(16).  "[T]he substitute service of process statute is designed to allow injured parties a reasonable means to serve defendants."  Sheldon v. Fettig, 129 Wn.2d 601, 609, 919 P.2d 1209 (1996). "The term 'usual abode' is liberally construed and 'under certain circumstances a

---

[2] An evidentiary hearing, followed by the entry of written findings of fact or an articulation of the facts found by the trial court espoused upon the record, is necessary when conflicting evidence regarding service of process creates a question of material fact.  See Woodruff, 76 Wn. App. at 210.

defendant can maintain more than one house of usual abode." Blankenship v. Kaldor, 114 Wn. App. 312, 316, 57 P.3d 295 (2002) (quoting Sheldon, 129 Wn.2d at 609, 611).

"'" [U]sual place of abode" must be taken to mean such center of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for defendant to appear.'" Sheldon, 129 Wn.2d at 610 (internal quotation marks omitted) (quoting Sheldon v. Fettig, 77 Wn. App. 775, 781, 893 P.2d 1136 (1995)). "Proper service of process has not been accomplished when the defendant is not personally served and there is insufficient evidence to establish that the address served was the center of the defendant's domestic activity." Streeter-Dybdahl, 157 Wn. App. at 410.

Here, the evidence raises material questions of fact regarding whether Leonardi was personally served. The process server testified under oath that the person with whom he left the summons and complaint identified herself as "Nancy Hvasta Leonardi." The process server described seven physical characteristics of the person he served, five of which matched Leonardi's description of herself. Leonardi claims that the process server actually served her mother, but the description Leonardi provides of her mother matches the process server's in only three of seven characteristics. Notably, the process server described serving a woman 45-55 years of age, whereas Leonardi states that her mother is 87 years old. Leonardi provided no corroborating evidence to support her claim, such as photographs or a declaration from her mother.

Questions of fact abound concerning whether actual personal service upon Leonardi was accomplished.

The evidence also raises questions of fact as to whether Yoseph accomplished substitute service at Leonardi's place of usual abode. In her declaration, Leonardi does not deny that the Santa Rosa home was a place of usual abode at the time of attempted service. Rather, she states that she "was not there at the time" and "was not present" when service occurred. Leonardi admits that she stays with her mother at the Santa Rosa address when she is working in California. Moreover, the Santa Rosa address is on her driver's license. Additionally, Leonardi's declaration is silent as to whether the Bothell house was a place of usual abode at the time of service. Rather, she states that she resided there "[a]t the time of the subject accident." Of even greater significance, perhaps, is the evidence that Leonardi leased the Bothell residence to a third party at the time of service. That she leased it to another person gives rise to an inference that it was not her usual place of abode on the date in question.

The parties presented conflicting evidence regarding service. We therefore reverse the order of dismissal and remand for further proceedings, which should include an evidentiary hearing followed by the entry of factual findings, should Leonardi seek to renew her CR 12(b)(5) motion.

IV

The Leonardis request an award of attorney fees and costs on appeal, citing to RAP 18.1(a), RCW 4.84.060, RCW 4.84.080, and RCW 4.28.185(5).

Because the Leonardis are not the prevailing party on appeal, we deny the request.

Reversed and remanded.

Dwyer, J.

WE CONCUR:

Brennan, J.    Smith, J.