
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PETER CLARK, an individual, | ) | |
| | ) | No. 37041-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE HOYOS DIAZ and JANE DOE | ) | UNPUBLISHED OPINION |
| HOYOS DIAZ, husband and wife and | ) | |
| their marital community composed | ) | |
| thereof, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — Peter Clark appeals the trial court's dismissal of his personal injury action against Jesse Hoyos Diaz. Mr. Hoyos Diaz presented evidence that Mr. Clark's attempted service of process was ineffective and his claim had become time-barred. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Jesse Hoyos Diaz and Peter Clark were involved in an automobile accident on June 2, 2016. According to the police report, Mr. Hoyos Diaz was 18½ years old at the time of the accident and lived at an apartment on Umatilla Avenue in Umatilla, Oregon.

Over two years later, on March 22, 2019, Mr. Clark filed a personal injury action against Mr. Hoyos Diaz in Franklin County Superior Court. On March 26, a process

server delivered two copies of the summons and complaint to the Umatilla address set

forth in the accident report. A declaration of service was completed by the process server

that day and was later filed with the court; it was largely preprinted, including only a few

handwritten entries:

3. That on the **26** day of _**March**_ 2019, at _**1720**_ hours, I personally served two copies of the following:

    1)      Summons; and

    2)      Complaint for Damages

on _**Maria Diaz**_ at 402 Umatilla Ave., Apt. C, Umatilla, OR 97882, who confirmed that he/she was a named defendant, or a person of suitable age and discretion who confirmed that the above referenced address is the defendant Jesse Hoyos Diaz's residence.

DESCRIPTION OF PERSON SERVED:

Age: _**30**_ ; Sex: _**F**_ ; Hair: _**Black**_ ; Glasses: YES/**NO**

Race/Skin Color: _**Mexican**_ ; Height: _**5'2"**_ ; Weight: _**145**_ .

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

SIGNED this _**26th**_ day of _**March**_ , 2019, at Kennewick, WA.

_____
JAKE E. LYE
Process Server

Clerk's Papers (CP) at 25-26.

About a week later, on April 1, Mr. Hoyos Diaz appeared in the action through counsel. The notice of appearance did not waive defects as to jurisdiction and requested that the lawyers be served with further pleadings or notices, except process.

On June 27, 2019, Mr. Hoyos Diaz filed a CR 12(b)(2) motion to dismiss Mr. Clark's complaint based on a lack of personal jurisdiction. Mr. Hoyos Diaz supported his motion to dismiss with his own declaration as well as the declaration of his landlord. The landlord's declaration stated in relevant part that "Jesse Hoyos Diaz has resided at apartment A1 within the apartments located at 625 NW Spruce St., Hermiston, Oregon 97838 since March 20, 2018 and has made payment for rent for said apartment every month from March 20, 2018 up to the present." CP at 31. Mr. Hoyos Diaz's declaration stated, in part:

6. . . . I did not reside at 402 Umatilla Ave., in any apartment in Umatilla, Oregon at that time of service and had not resided there for some time.

7. Instead, I resided at 625 SW Spruce St, Apt A-1, Hermiston, OR at the time service was attempted and have resided there since March 20, 2018.

8. Additionally, my mother, Maria Diaz, is not a party hereto, and does not speak English and would not have been able to communicate what was alleged to have been communicated to the process server.

CP at 48.

3

In resisting Mr. Hoyos Diaz's motion to dismiss, the only evidence presented by Mr. Clark was his process server's original declaration of service and the police report from the 2016 accident.

Both parties argued that Mr. Clark had the initial burden of making a prima facie showing of proper service that could be made by producing an affidavit of service indicating that service was properly carried out, after which the burden would shift to Mr. Hoyos Diaz, who must present clear and convincing evidence of insufficient service.

Following a hearing, the trial court granted Mr. Hoyos Diaz's motion. Since the statute of limitations had run, the court dismissed the complaint with prejudice. Mr. Clark appeals.

ANALYSIS

Mr. Clark argues on appeal that the police report and the process server's affidavit of service satisfied his burden of presenting prima facie evidence of proper service and Mr. Hoyos Diaz failed to present clear and convincing evidence of improper service in response. He characterizes the landlord's declaration as "merely say[ing] that [Mr. Hoyos Diaz] pays rent" at a Hermiston address. Opening Br. of Appellant at 3. He argues that Mr. Hoyos Diaz presented no evidence as to where he spends most of his time, whether he pays rent elsewhere, or where he receives mail.

Proper service of the summons and complaint is a prerequisite to a court obtaining jurisdiction over a party. *Woodruff v. Spence*, 76 Wn. App. 207, 209, 883 P.2d 936

4

(1994). RCW 4.28.080(16) authorizes serving the summons on the defendant personally or by substitute service. "Substitute service of process is effective when (1) a copy of the summons is left at defendant's house of usual abode, (2) with some person of suitable age and discretion, (3) then resident therein." *Sheldon v. Fettig*, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996) (*Sheldon* II). Mr. Hoyos Diaz does not dispute that Mr. Clark's process server left copies of the summons and complaint with his mother, a person of suitable age and discretion, at the home at which *she* then resided. At issue is whether his mother's home was Mr. Hoyos Diaz's "house of usual abode" for purposes of effective substitute service. The term "house of usual abode" means "'such center of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for [the] defendant to appear.'" *Sheldon* II, 129 Wn.2d at 610 (quoting *Sheldon v. Fettig*, 77 Wn. App. 775, 781, 893 P.2d 1136 (1995) (*Sheldon* I)).

Whether service of process is effective is reviewed de novo. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). We analyze the issue as briefed by the parties: as turning on whether Mr. Hoyos Diaz's evidence challenging the effectiveness of the service was clear and convincing. *See* RAP 12.1(a) (the appellate court generally will decide a case only on the basis of issues set forth by the parties in their briefs).[1]

---

[1] In the trial court and on appeal, the parties analyzed this issue contrary to *Farmer v. Davis*, 161 Wn. App. 420, 250 P.3d 138 (2011), in which this court held a presumption

5

Clear and convincing evidence requires more than a preponderance of the evidence. *In re Welfare of Sego*, 82 Wn.2d 736, 739, 513 P.2d 831 (1973). Clear and convincing evidence exists when the ultimate facts are shown to be "highly probable." *In re Parental Rights to K.M.M.*, 186 Wn.2d 466, 478, 379 P.3d 75 (2016) (internal quotation marks omitted).

In analyzing whether a defendant's evidence is clear and convincing, reported decisions have considered not only the probativeness of the defendant's evidence but also whether the plaintiff responds with evidence beyond its prima facie showing that calls the defendant's evidence into doubt. Thus, in *Northwick v. Long*, 192 Wn. App. 256, 259-60, 364 P.3d 1067 (2015), not only was the defendant's evidence weak (he relied on only his father's declaration, without a sworn declaration of his own), but the plaintiff rebutted the defense evidence with the process server's deposition testimony. The process server testified to what he was told by the defendant's father and his standard practice to obtain multiple confirmations of a defendant's residence from the coresident with whom the summons and complaint are left. He also testified that he checked the defendant's

that must be overcome by clear and convincing evidence does not apply to prejudgment attacks on the sufficiency of service of process. And Mr. Clark never requested an opportunity for jurisdictional discovery or an evidentiary hearing before the court. *Cf. Harvey v. Obermeit*, 163 Wn. App. 311, 327, 261 P.3d 671 (2011) (citing *Gross v. Sunding*, 139 Wn. App. 54, 67, 161 P.3d 380 (2007)) (when affidavits present an issue of fact, evidentiary hearing before judge may be required); *cf. State v. LG Elecs., Inc.*, 186 Wn.2d 169, 184, 375 P.3d 1035 (2016) (jurisdictional discovery may be warranted where pertinent facts bearing on jurisdiction are controverted).

6

residence using the Department of Licensing database, a TransUnion "Locate report," and a U.S. Postal Service Trace. *Id.* All databases confirmed the defendant resided at his father's address. *Id.*

The *Northwick* court pointed out that reported decisions have found a defendant's evidence to fall short of clear and convincing when it fails to demonstrate a *different* place of usual abode. *Id.* at 262 (citing *State ex rel. Coughlin v. Jenkins*, 102 Wn. App. 60, 64-65, 7 P.3d 818 (2000)). By contrast, a defendant's evidence that she has notified third parties (the post office, the Department of Motor Vehicles, creditors) of a new address has been found to be clear and convincing. *Id.* at 263 (citing *Gross v. Evert-Rosenberg*, 85 Wn. App. 539, 541, 933 P.2d 439 (1997)).

Mr. Clark cites *Sheldon* II for its holding that the statutory provisions permitting substitute service must "be liberally construed to effectuate service and uphold jurisdiction of the court." 129 Wn.2d at 609. "Liberal construction does not mean abandoning the statutory language entirely." *Gerean v. Martin-Joven*, 108 Wn. App. 963, 972, 33 P.3d 427 (2001). In *Sheldon* II, the defendant had moved to Chicago, but the plaintiff presented evidence that she continued to use her parents' address as her residence for the purpose of her voter registration, car registration, on her car's bill of sale, with her car insurer, when cited for speeding, and that she returned to their home often—collectively it caused the court to conclude that the defendant had two "usual place[s] of abode." *See Sheldon* II, 129 Wn.2d at 610-11. Mr. Clark presented no

7

evidence that Mr. Hoyos Diaz had these or similar continuing connections with his mother's home.

Mr. Hoyos Diaz's evidence, compared to Mr. Clark's, was clear and convincing. The order dismissing the action is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Lawrence-Berrey, J.